No. 79.—OLIVER P. TILLINGHAST & PARIS J. TILLINGHAST, plaintiffs in error, *vs.* JOHN BANKS, defendant in error.

[1.] Where B lends money to T, upon condition that he will share one-third of the loss on a shipment of cotton, which has been sustained by a firm, of which T erroneously supposes himself a member, and consequently, thinks that he is partly liable for said loss, B knowing at the time that he is not so; but having no pecuniary interest in the firm, nor privity with the parties to this transaction in cotton: *Held,* that B has committed no such fraud on T as vitiates the contract, and will prevent his recovery of the amount so loaned.

[2.] A valuable consideration consists in some right, interest, profit or benefit, accruing to the party who makes the contract; or some forbearance, detriment, loss, or responsibility, labor, or service, on the other side.

Action on notes, in Muscogee Superior Court. Decision by Judge IVERSON, at May Term, 1853.

John Butt and Willis D. Banks became partners in mercantile transactions, in Columbus. Oliver P. Tillinghast was their clerk and agent, with an agreement that he should share equally the profits, nothing being said about the losses. In the winter of 1850, Tillinghast stated to Butt & Banks, that he had made an arrangement with Nourse & Brooks, of Apalachicola, to purchase cotton on joint account with them. Thereupon, Butt & Banks consented; and Tillinghast proceeded to purchase and ship several lots of cotton to N. & B. Afterwards, N. & B. drew a draft on Butt & Banks for $3,000, which they said was the loss sustained on the cotton shipped. They determin-

ed not to accept, because it was for the entire loss, and not for one half.  Tillinghast, when called on to explain it, insisted " that the draft should be accepted—that it would never do for it to be protested, and that all would be right;" and agreed, as he had induced Butt & Banks to go into the speculation, he would sustain an equal portion of the loss, and pay one-third of the draft, if he could raise the money.  When the draft became due, John Banks, the father of Willis D. Banks, after much persuasion, agreed to lend to each of them, Butt, Banks & Tillinghast, $1,000 a-piece, to meet the draft, provided Til-linghast would give him security—which arrangement was made ; and Tillinghast, with his father as security, gave to John Banks a due bill for $1,000.  The money was advanced by John Banks, and the draft paid.  Afterwards, Butt & Banks complained to N. & B. of their not paying one half of the loss.  In reply, they denied the arrangement with Tilling-hast, and sent a copy of a letter directed by them to Butt & Banks, in which they declined such an arrangement.  This letter, Tillinghast admitted he had received, and never exhib-ited it to either Butt or Banks.

John Banks sued Oliver P. Tillinghast and Paris J. Tilling-hast, on the due bill for $1,000.  Defendants pleaded, that at the time they gave the said due bill, all the parties supposed that Oliver P. Tillinghast was, in fact, a partner of *Butt & Banks ;* and as such, liable for one third of the loss on the cotton.  That it has turned out, on investigation, that he was not a partner, and consequently not liable; that John Banks was aware, at the time he advanced the money, that Tilling-hast was not liable, and took the due bill in fraud.  The plea, under these facts, set up a failure of consideration.

Upon the trial, the facts proven were as stated above.

Counsel for defendant, requested the Court to charge, that " If the Jury believed Tillinghast was no partner in the firm of Butt & Banks, (but supposed himself to be one,) and was not liable to pay the $3,000 draft, and John Banks knowing this, agreed to pay up said draft, and did pay it up, in consideration that Butt, Banks & Tillinghast would each

give a note or due bill, for $1,000, which they did, they must find for the defendant".

The Court declined so to charge, and this is assigned as error.

Jones & Jones, for plaintiff in error.

Dougherty, for defendant in error.

Judge Benning having been formerly of counsel in this cause, did not preside.

*By the Court.*—Starnes, J., delivering the opinion.

[1.] This record does not show that there was any privity between the defendant in error, and the parties to the business in which Butt & Banks and Oliver P. Tillinghast were engaged. It does not show that he had any pecuniary interest, whatever, in this co-partnership, (though a near relation to the partners,) nor that he conspired with them, to deceive Tillinghast in any way.

Under these circumstances, we do not see how it can be a fraud upon the latter, for Banks now to demand payment of the money which he has loaned to him, even if it be true, that Tillinghast was not a partner in this concern, and was not, on that account, liable for one-third of the loss on the cotton which had been shipped to Nourse, Brooks & Co., though believing himself to be so ; and even if John Banks knew this, and yet loaned to him the money, upon condition that he would pay one-third of said loss.

Let these facts be admitted, and still it remains true, that the defendant in error has parted with his money to Tillinghast, for no other valuable consideration or advantage, than the due bill which was given him for it, so far as we can judge from the record ; and it is scarcely a fraud to demand nothing more than payment of this due bill.

Occupying the relation which he did to these young men, if

he had improperly prevailed on Tillinghast, knowing that he was not liable for any part of the loss, to pay one-third of the same, and to give his due bill, for the means of paying it, this might be deemed morally wrong; but in the absence of pecuniary advantage to defendant in error, could not, certainly, in a Court of Law, constitute fraud, such as to vitiate the contract·

[2.] If, however, to determine the liability of the plaintiff in error, Oliver P. Tillinghast, upon this due bill, it became necessary to consider his relations to this partnership transaction, and his liability to respond for a portion of what was lost on this cotton, we think there are facts in the record, which show a sufficient consideration moving to him, for the promise which he gave, to pay one-third of the debt. 1. It may be a question, from the evidence, though he was not a partner, whether he did not, as the active agent of that concern, know, or have reason to believe, that Nourse & Brooks had not agreed to receive the cotton on joint account, and did not conceal his knowledge from his principals, and misrepresent the facts to them. If he did so, interested as he was in the profits, and taking the chances of gain by the speculation, he incurred liability on account of the loss, and this would have been a consideration moving to him, for the promise he gave, to pay one-third thereof. 2. He was interested in the profits, and as a consequence, in the credit of the concern; and being thus interested, he prevailed on Butt & Banks not to allow the bill drawn by Nourse & Brooks to be dishonored, and told them that "all would be right". When thus, his whole conduct in the matter is considered, his representations, (even supposing them to have been made in good faith,) and his chance of enhanced gain from the profits, by the credit of the firm being sustained, we find a sufficient consideration for the promise to pay one-third of the loss.

"A valuable consideration consists in some right, interest, profit, or benefit accruing to the party who makes the contract; or some forbearance, detriment, loss, responsibility or act, labor or service, on the other side". (*Story on Prom. N.* §186.)

Let the judgment be affirmed.