MILTON W. CARTER *et al.*, Defendants in Error, *v.* F. S. BLACK, Plaintiff in Error.

1. *Practice, civil—Pleading—Warranty, what amounts to.*—A petition substantially sets out a cause of action for a warranty which shows a representation or positive and unequivocal affirmation by defendant as to the state and quality of the thing sold, on the faith of which plaintiff made the purchase and paid the consideration. The word "warrant" need not be set out, or any other particular phraseology, in order to constitute a warranty.

*Error to Fourth District Court.*

*Geo. W. Easley*, for plaintiff in error.

This is an action for deceit, and not an action on the breach of warranty. (1 Smith's Lead. Cas. 207, note 211, and cases collected; Hill. Sales, 287, § 35 and notes; 1 Wheat. Selw. 482; 1 Bac. Abr. 11.)

*G. D. Burgess*, for defendants in error.

WAGNER, Judge, delivered the opinion of the court.

This suit was instituted by the plaintiffs to recover damages from defendant for a breach of warranty, and for fraud practiced upon them in the sale of two horses. The petition alleged that the defendant represented the horses to be sound and free from disease, and that upon that representation they relied, and by reason thereof they were induced to purchase. The answer was a denial; judgment for plaintiff. The only ground insisted on for a reversal is that the court below treated the action as arising on a warranty, when the petition shows that it was a case of deceit.

Prof. Parsons, in treating on the subject of warranty, says that any distinct assertion or affirmation of quality made by the owner during a negotiation for the sale of a chattel, which it may be supposed was intended to cause the sale, and was operative in causing it, will be regarded either as implying or as constituting a warranty. If such affirmation were made in good faith, it is still a warranty; and if made with a knowledge of its falsity, it is a warranty, and it is also a fraud.

It is certain that the word "warrant" need not be used, nor any other of precisely the same meaning. It is enough if the words actually used import an undertaking on the part of the owner that the chattel is what it is represented to be, or an equivalent to such undertaking. (1 Pars. Cont. 579–80.) Mr. Hilliard (Hill. Sales, 258, § 6), in the second edition of his work, lays down the doctrine that with regard to the words necessary to a warranty, the word "warrant," or any other particular phraseology, is not necessary to constitute a warranty. It is sufficient if there be a representation of the state of the thing sold, or a direct, positive, unequivocal, and express affirmation of its quality and condition, being part of the consideration of the sale, and showing an intention to warrant or make good the quality of the thing sold, and so understood and relied upon, instead of a mere recommendation or expression of an opinion, leaving the buyer to understand that he must still examine and judge for himself; more especially if the subject is within the particular knowledge of the vendor; and the question is for the jury, under the advice of the court. This position he sustains by a large number of adjudged cases.

The petition substantially set out a cause of action as for a warranty, according to the above and foregoing principles. It shows an affirmation or representation upon the faith of which the horses were purchased and the consideration paid. And it negatives entirely the idea that these affirmations or representations were intended as mere recommendations or expressions of opinion, leaving the buyers to understand that they must examine and judge for themselves. But upon this point the case was fairly submitted to the jury under instructions from the court. The only error that we have discovered in the record is in giving instructions entirely too favorable for the defendant.

The judgment is clearly for the right party, and must be affirmed. The other judges concur.