JOEL F. KENNEY, Plaintiff in Error, v. JOHN JAMES, Defendant in Error.

1. *Action — Breach of warranty — Cause of action.*—In an action for breach of warranty, where the petition sets out a representation by defendant on which plaintiff relied, and which induced him to make the purchase, it states a good cause of action.

*Error to Kansas City Court of Common Pleas.*

*W. E. Sheffield,* for plaintiff in error, relied upon Carter v. Black, 46 Mo. 384.

*F. M. Black,* for defendant in error.

A warranty is an express contract between parties. (1 Pars. Cont. 577; 2 Kent's Com. 658.) The petition should allege an agreement, contract or warranty. (2 Chit. Pl. 278–9; Washb. Pl. and Pr. 1701.) Whether the words, acts and conduct of the parties prove it or not, is for the triers of fact to determine. (1 Pars. Cont. 581; House v. Fort, 4 Blackf. 293–6; Duffee v. Mason, 8 Cow. 25; Foster v. Estate of Caldwell, 18 Verm. 176; Bradford v. Bush, 10 Ala. 386; Tuttle v. Brown, 4 Gray, 457; Humphreys v. Comline, 8 Blackf. 516.)

WAGNER, Judge, delivered the opinion of the court.

The error complained of is the action of the court in instructing that, upon the pleadings, the plaintiffs had no cause of action and could not recover. The petition was for damages, and alleged that plaintiff purchased of the defendant 847 head of sheep, about 600 of which were ewes, for which he paid four dollars per head; that at the time of making the purchase, and as an inducement

thereto, defendant represented to plaintiff that none of the ewes were with lamb; and that plaintiff, relying upon that representation so made, was induced to purchase them; that at the time he purchased the ewes there were at least 575 of them with lamb; and that, in consequence thereof, they were in a great degree valueless to him, whereby he was injured, etc.

The petition set out a good cause of action. It stated a representation by the defendant on which the plaintiff relied, and which induced him to make the purchase. (Carter *et al.* v. Black, 46 Mo. 384.)

Judgment reversed and the cause remanded. The other judges concur.