ARPIN HARDWOOD LUMBER COMPANY, Respondent, vs. CARMICHAEL, Appellant.

*September 25 — October 21, 1902.*

*Quieting title: Pleading: Corporations.*

In an action to quiet title, where the complaint sets out plaintiff's chain of title and describes certain intermediate grantors as corporations, it need not allege that they were duly incorporated. Sec. 3205, Stats. 1898, requires such averment only in respect to parties to the action.

APPEAL from an order of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action in equity to quiet the title of certain real estate. The complaint, after alleging that the plaintiff is a corporation organized under the laws of Wisconsin, and authorized to purchase and hold real estate, states that the plaintiff owned in fee simple a certain eighty acres of land in Price county, and that said lands are vacant and unoccupied; that plaintiff's title is founded on two sales for unpaid taxes for the years 1879 and 1893, respectively, both of which sales were in all respects regular, and followed by tax deeds valid on their face; that the first of said deeds was issued to John Comstock June 2, 1883, and recorded June 4, 1883, and that said Comstock March 12, 1885, conveyed the said lands to the Wisconsin River Land Company, a corporation; that the second of said deeds was issued to said

Wisconsin River Land Company June 9, 1897, and recorded June 14, 1897; that more than three years have elapsed since the issuance and recording of said deeds, and that no action of any character has been commenced by the original owners of said lands to set said deeds aside, whereby the same have become conclusive evidence of the regularity of the tax proceedings on which they are based, under sec. 1188, Stats. 1898; that on May 16, 1899, the Wisconsin River Land Company conveyed said lands to the John Arpin Lumber Company, a corporation, by deed recorded February 24, 1900; and that February 24, 1900, said John Arpin Lumber Company conveyed said land by deed to the plaintiff; that such deed was duly recorded, and that said plaintiff ever since has been, and now is, the owner of said land; that the defendant makes some claim to said land adverse to the plaintiff's title, and gives out and pretends that he is the owner thereof, tracing his title by conveyance from the original entryman, and that said title is wholly cut off by said tax deeds; that the defendant's claim constitutes a cloud on the plaintiff's title; and that before the commencement of this action the defendant was requested to release his pretended claims to said land, but refused to do so; wherefore judgment is demanded establishing the plaintiff's title and barring defendant's claim.

To this complaint the defendant demurred on two grounds: first, that the complaint fails to state facts sufficient to constitute a cause of action; second, that it fails to state facts sufficient to constitute a cause of action in equity. This demurrer was overruled, with leave to answer in four days, and with the provision that the action be brought to trial at the next ensuing term of court for Price county; and the defendant appeals.

The cause was submitted for the appellant on the brief of *J. F. Ellis,* and for the respondent on that of *Barry & Barry.*

Van Hessen v. Chippewa Valley M. Co. 115 Wis. 443.

WINSLOW, J.  A mere casual reading of the complaint is entirely sufficient to show that it states all the facts requisite to a complaint in the statutory action to quiet title under sec. 3186, Stats. 1898.  The objection is made that the complaint is defective in that it appears that certain intermediate grantors in the plaintiff's chain of title were corporations, and that it is not alleged that such grantors were duly incorporated, which allegation is said to be essential, under sec. 3205.  Reference to the section in question shows that it refers only to a corporation which is a party to the action, and hence does not include mere intermediate grantors who are mentioned in tracing a title but are not parties to the action.

No other objection raised is worthy of mention.  The court was entirely right in overruling the demurrer and in requiring the defendant to answer within the limited time and go to trial at an early date.

*By the Court.*— Order affirmed.