## P. DETJEN, Respondent, v. MOERSCHEL BREWING COMPANY, Appellant.

### Kansas City Court of Appeals, June 12, 1911.

1. **SALES: Warranty: Fraud: Latent Defect.** In an action to recover damages for breach of warranty, and for fraud practiced in the sale of a mule, the sale being at public auction, and the bidding stopping at seventy-five dollars, it appeared that the auctioneer turned to the defendant's secretary, whom the evidence of plaintiff showed then knew that the mule had a disease of the kidneys, and asked the secretary, "what is the matter with the mule," and, in the hearing of the bidders received the reply that the mule was "straight and all right." Plaintiff relying on this statement bid in the animal at $122, which shortly after died. *Held*, that where the defect was latent, and with knowledge that it existed, defendant's secretary gave positive assurance of the soundness of the animal under circumstances disclosing an intent to deceive bidders into paying a sound price for an unsound commodity, the representations thus made will support an action for fraud as well as for breach of warranty.

2. ———: ———: Form.  To constitute a warrant of quality or
condition, the law does not require that the agreement be in
writing, or that the word "warrant" be used, or that any other
word or verbal form be employed, and where the defect is not
discoverable upon ordinary inspection, representations of sound-
ness made by the vendor with the intent and purpose of induc-
ing the vendee to rely on them, and their acceptance by the
vendee, will constitute a warranty.

3. EVIDENCE: Impeaching Own Witness: When Permissible.
Where the judge permitted plaintiff to ask questions of an
unfriendly witness produced by him which tended to impeach
the credibility of the witness, the rule is that the trial court
in its discretion may suffer the party to show why he called
the witness, though in so doing he may tend to discredit his
own witness, and hence the interrogation in question was
proper.

Appeal from Pettis Circuit Court.—*Hon. Charles
Hoffman,* Judge.

AFFIRMED.

*Sangree & Bohling* for appellant.

*Orville M. Barnett* for respondent.

JOHNSON, J.—This action is to recover damages
for breach of warranty and for fraud practiced in the
sale of a mule.  Answer, a general denial.  Plaintiff
recovered a verdict and judgment in the circuit court
and defendant appealed.

The sale of the mule was at a public auction con-
ducted by defendant on its farm in Pettis county.  The
secretary of the defendant company, Mr. Urban, was
present during the sale.  The mule in question was
small, poor, and afflicted with a disease of the kidneys,
of which fact the evidence of plaintiff tends to show
Mr. Urban had knowledge though he denies having had
such knowledge at the time.  The mule had been do-
ing heavy work on the farm and its poor condition
could be and was ascribed by defendant to overwork.
The bidding on the animal was languid and stopped at

seventy-five dollars, whereupon the auctioneer turned to Urban and inquired "What is the matter with this mule?" and received the reply, delivered in the hearing of the bidders, that the mule was "straight and all right." Bidding was resumed and increased to $122, at which price the sale was made to plaintiff. It appears that plaintiff relied on the statement that the mule was "straight and all right." He received and paid for the mule and shortly after the animal died of its disease which was not an obvious but a secret malady.

The demurrer to the evidence was properly overruled.

It is true, as argued by defendant, that a sound price does not imply a sound commodity and that under the rule of *caveat emptor* the buyer takes the risk of quality and condition unless he protects himself by a warranty or there has been a false representation fraudulently made by the seller (Lindsey v. Davis, 30 Mo. 406), and that mere praise of the subject of sale by the vendor will impose no obligation on him as a warrantor, nor will a warranty be implied. [Moore v. Koger, 113 Mo. App. 428.] But to constitute a warranty of quality or condition the law does not require that the agreement be in writing or that the word "warrant" be used or that any other word or verbal form be employed.

"It is sufficient if there be a representation of the state of the thing sold, or a direct, positive, unequivocal, and express affirmation of its quality and condition, being part of the consideration of the sale, and showing an intention to warrant or make good the quality of the thing sold, and so understood and relied upon, instead of a mere recommendation or expression of an opinion, leaving the buyer to understand that he must still examine and judge for himself; more especially if the subject is within the particular knowledge of the vendor; and the question is for the jury,

under the advice of the court." [Carter v. Black, 46 Mo. 384.]

Where the defect is not discoverable upon ordinary inspection, representations of soundness made by the vendor with the intent and purpose of inducing the vendee to rely on them and their acceptance by the vendee will constitute a warranty.

"The seller is not permitted to take unfair advantage of his superior knowledge." [Moore v. Koger, supra.] Tested by these rules the evidence of plaintiff discloses a warranty. The defect was latent and with knowledge that it existed defendant's secretary gave positive assurance of the soundness of the animal under circumstances disclosing an intent to deceive bidders into paying a sound price for an unsound commodity. Evidently the auctioneer intended to remove the bad impression created by the poor appearance of the animal by his question to Mr. Urban and both the question and answer were intended and received as an assurance of soundness. The representation made under such circumstances will support an action for fraud as well as for breach of warranty. [Carter v. Black, supra.]

We find the instructions free from material error and agree with defendant that plaintiff's first instruction assumes the existence of a fact in issue.

Complaint is made that the judge permitted plaintiff to ask questions of an unfriendly witness produced by him which tended to impeach the credibility of the witness.

The rule in this state is that a party introducing a witness vouches for his credibility and should not be allowed to impeach him. [Joyce v. Transit Co., 111 Mo. App. 565; Creighton v. Modern Woodmen, 90 Mo. App. 378; Caldwell v. Bank, 100 Mo. App. 23; Hamilton v. Crowe, 175 Mo. 634.] But this rule is not without exception. "When a party is taken by surprise by the evidence of his witness, the latter may be in-

O'Farrell v. Railway Co.

terrogated as to inconsistent statements previously made by him for the purpose of refreshing his recollection and inducing him to correct his testimony; and the party so surprised may also show the facts to be otherwise than as stated although this incidentally tends to discredit the witness.'' [Hickory v. U. S., 151 U. S. 303.] And where it is evident that a party is surprised by the hostility of a witness the trial court in its discretion may suffer the party to show why the witness was called, though in so doing the party may discredit his own witness. [7 Ency. of Evidence, 36; Railway v. Hays, 110 Fed. Rep. 110.] The interrogation in question falls within the exception to the general rule and was proper.

The point made by defendant that the court did not sufficiently reprimand counsel for plaintiff when he strayed outside the record in his argument to the jury is not well taken.

The judgment is affirmed. All concur.