### 6245.　Friedman v. Ware & Harper.

Wade, J.　1. The contract sued on was unilateral and non-enforceable. In it the owner appointed agents and authorized them to sell his property, agreeing to pay a certain per centum for the service, if the property should be sold by himself, or by the said agents, or by any one else, within 60 days from the date of the contract. The agents did not therein undertake to make a sale of the property, or even to attempt to negotiate such a sale, or to do anything whatsoever for the other party to the contract. "Where mutual promises are relied upon as a consideration to support a contract, the obligations of the contract must be mutually binding upon the respective parties; and if one assume under such an agreement to do a special act beneficial to another, and that other under the terms of the contract is under no obligation to perform any act of corresponding advantage to the former, the agreement is without such consideration as will support the promise of the party assuming to perform." *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810 (28 S. E. 998).

(a) Though the contract recites that it was entered into by the owner "for value received," this expression is a patent ambiguity and may be explained and an entire want of consideration shown by parol (*Pitts* v. *Allen*, 72 *Ga.* 69 (2) ; *Sims* v. *Scheussler*, 5 *Ga. App.* 850, 858 (64 S. E. 99) ; *Seawright* v. *Dickson*, 16 *Ga. App.* 436 (85 S. E. 625) ), and under the evidence there was no consideration whatever to support the same. See also *Swan Oil Co.* v. *Linder*, 123 *Ga.* 550 (51 S. E. 622) ; *Lucas* v. *Southern Railway Co.*, 130 *Ga.* 606 (61 S. E. 404), and cases cited.

2. There was no such definite and precise evidence of any such partial performance of the contract by the agents as would supply a consideration sufficient to support the contract; and the agreement being purely voluntary, the principal had the right to revoke the agency by parol at any time before the sale was consummated. See, in this connection, *Brandon* v. *Pritchett*, 126 *Ga.* 286, 287 (55 S. E. 241, 7 Ann. Cas. 1093), and dissenting opinion (p. 290) ; also same case, 133 *Ga.* 480 (66 S. E. 247).

3. The appellate division of the municipal court of Atlanta therefore erred in overruling the motion for a new trial.　　　　*Judgment reversed.*

Decided January 6, 1916.　Rehearing denied February 25, 1916.

Complaint; from municipal court of Atlanta. December 24, 1914.

Ware & Harper sued J. H. Friedman for $70.50, as commission on the sale of the business referred to in a written contract, which was as follows: "For value received, I hereby appoint Ware & Harper as my only authorized agent to sell or otherwise negotiate my business proposition,—fancy groceries, located at No. 80 Capitol Avenue, City,—part or all, at the price and terms this day furnished them together with a description and details, or at any

other price and on any terms to which I may hereafter agree, and this contract shall constitute a lien on said property for the amount of commission due them. I hereby agree to pay Ware & Harper ten per cent. as commission or compensation for selling or otherwise negotiating the said described proposition, if sold by them or through their instrumentality, or if sold to any one with whom they have been negotiating, within twelve months from this date, together with ten per cent. as attorney's fees if collected by law, and hereby waive all exemption rights for myself and family as against said debt. If this property is sold by Ware & Harper, myself, or any one else during the next sixty days, I will pay to Ware & Harper the above-named compensation for their service. This Sept. 3, 1914. [Signed] J. H. Friedman, Owner." The defendant filed a plea denying indebtedness and alleging, that on September 23, 1914, "he withdrew his offer or listing of his grocery business from Ware & Harper in writing;" that there was no consideration for the contract or offer, and that it was unilateral and not binding; that the plaintiffs did not sell his business for him and had no part in its sale, and it was not sold to any one with whom they had been negotiating, and they made no efforts to sell it. The trial resulted in a finding in favor of the plaintiffs for the amount sued for.

From the evidence it appears that on September 23, 1914, the defendant sent to the plaintiffs a letter, in which he said: "I hereby withdraw my listing with you on the sale of my grocery business located at No. 80 Capitol Avenue, City, and I ask that you cancel my sale contract and not offer said business for sale until further notice." On the same day he signed in his wife's name a contract for the sale of the same business to A. O. Nunnally, and on September 29 the sale was consummated. B. B. Braswell testified: "I am connected with the firm of Ware & Harper. I negotiated this contract with J. H. Friedman. . . He came in the office and stated that he wanted to list the property for sale, and I filled out this blank contract and handed it to him, and he signed it. There was no cash consideration. The consideration of the contract was services which we performed and the expense of advertising. I performed services on the 21st day of September. I carried a man out there to look at the business. Mr. Friedman did not seem much interested, and when I asked him

about the matter he stated that he would let me know tomorrow whether he would sell it or not, and the next day we received his letter dated September 23, attempting to withdraw the proposition from us, but we declined to consent to the withdrawal." W. J. Harper, a member of the plaintiff firm, testified: "We made an effort to sell the business mentioned in the contract. I considered it a good proposition, and talked about it in the office to a great many people. We did not sell the business, and had nothing to do with its sale. . . We advertised the business for sale in the paper, and here are some of the advertisements we ran." The plaintiffs introduced in evidence an advertisement for the sale of a "fancy grocery store," published in an Atlanta newspaper on September 7th and 9th, 1914.

*Mayson & Johnson, Alvin L. Richards,* for plaintiff in error, cited: Civil Code, §§ 4222, 4241; 101 *Ga.* 810; 110 *Ga.* 146; 112 *Ga.* 366; 115 *Ga.* 7; 119 *Ga.* 6, 153; 121 *Ga.* 311, 714; 123 *Ga.* 554, 707; 130 *Ga.* 265, 606; Civil Code, § 3575; 1 Clark & Skyles on Agency, §§ 157, 159; 38 Cal. 550; 103 Mo. 76; 8 Wheat. 203; 126 *Ga.* 293.

*Moore & Pomeroy, W. P. Coles,* contra, cited: 86 Minn. 376 (90 N. W. 780); 136 Wis. 332 (117 N. W. 851); 115 Ill. App. 226; 118 Mo. App. 672; 89 Ark. 412 (117 S. W. 246); 135 Cal. 589; 19 Cyc. 264; 38 Cal. 550; 126 *Ga.* 293; 28 *Ga.* 165; 72 *Ga.* 69; 14 *Ga.* 649; 12 *Ga.* 52; 27 *Ga.* 567; 137 *Ga.* 63; 12 *Ga. App.* 237 (2), 240; 8 *Ga. App.* 99; 9 *Ga. App.* 848; 123 *Ga.* 554.