## 7164. GARY v. PARKER.

WADE, C. J. The mortgage foreclosed in this case was executed as security for the payment of a purchase-money note, which recites that it is given for a mule bought from the payee "after a full inspection of same" by the buyer, who received the same "in good order," and agrees to pay therefor "although it may die;" and that "the loss, death, damage, or destruction of said property, or any part thereof shall in no way abate the payment of this note or any part thereof," the buyer "assuming all the risk," and purchasing the property described on his "own judgment, and without any warranty express or implied, and without any representations whatever which are not fully set forth in this note." *Held*, that the court did not err in striking an affidavit of illegality, in which it was attempted to set up an express warranty and certain representations directly in conflict with the terms of the written contract. *Brooks* v. *Jenkins*, 15 *Ga. App.* 64 (82 S. E. 634). It does not appear that any fiduciary relation existed between the parties, or that any deception was practiced upon the maker of the note to prevent him from ascertaining at the time if its execution the exact contents thereof, or that he was unable to read and understand the contract; and it must therefore be held that he is bound by its express terms, which include a recital that no representation not fully set forth in the note was made by the seller; and he can not set up in avoidance of the contract alleged representations tending to support an express warranty, when the contract itself declares that no warranty of any kind, either express or implied, was made. See *Bond* v. *Perrin*, 145 *Ga.* 200 (88 S. E. 954); s. c. 18 *Ga. App.* 179 (89 S. E. 79).

*Judgment affirmed.*

DECIDED JULY 31, 1916.

Foreclosure of mortgage; from city court of Nashville—Judge Christian. November 8, 1915.

*J. H. Gary, W. D. Buie,* for plaintiff in error.

*Hendricks, Mills & Hendricks,* contra.

---

## 7311. WEST v. ATKISSON.

HODGES, J. West sold to Atkisson an automobile, taking in the trade certain notes of Arnold, which Atkisson verbally guaranteed to pay. After the notes fell due West took new notes from Arnold, and turned over to him the original notes. In a suit on open account West sought to recover from Atkisson the purchase-price of the automobile. *Held*, that West could not recover against Atkisson, and the court did not err in granting a nonsuit.    *Judgment affirmed.*

DECIDED JULY 31, 1916.

Complaint; from city court of Atlanta—Judge Reid. January 20, 1916.

*Mark Bolding, Thomas E. Scott,* for plaintiff.