*George D. Anderson, John S. Wood, William Butt,* for defendant.

---

10519.  SMITH *v.* FISHER.

JENKINS, P. J.   To an action upon an ordinary promissory note which recited that it was "for purchase-money of one mule, name Tobe and more fully described in a mortgage this day executed to secure the payment of this note," the defendant interposed a plea setting up a

partial failure of consideration by reason of the breach of a contemporaneous parol warranty of the plaintiff as to the soundness of the mule. The defendant moved to strike the plea, upon the grounds, (1) that it set forth no defense, and (2) that it affirmatively appeared that the suit was upon a contract in writing, and the defense set up was an alleged parol agreement made contemporaneously therewith; that, the contract being in writing and appearing to be complete and certain, it will be presumed that it contains the whole agreement of the parties, and no facts are set forth in the defense to take the same out of the presumption above set forth. The court sustained this motion, dismissed the defendant's plea, and entered up judgment for the plaintiff for the full amount sued for, and to these rulings the defendant excepted. *Held:*

Since the decision of the Supreme Court in *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267), it has become settled that the maker of a promissory note which recites that its consideration is the purchase-price of described personal property, but does not purport to integrate the sale contract, may, in defense to a suit on the note by the seller, plead as failure of consideration a breach of a contemporaneous oral warranty. See also *Anthony* v. *Cody,* 135 *Ga.* 329 (69 S. E. 491); *International Harvester Co.* v. *Morgan,* 19 *Ga. App.* 716; *Rheney* v. *Anderson,* 22 *Ga. App.* 417, 418 (96 S. E. 217). It is only where such a written contract appears to be complete within itself that it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between the parties, and parol evidence of prior or contemporaneous conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument. Thus, if such writing contains a warranty of some kind or to some extent, parol evidence will not ordinarily be admitted to extend, enlarge, or modify that which the writing specifies. *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063). While the note sued on in the instant case recites that its consideration is the purchase-price of described personal property, it does not purport to integrate the sale contract, nor does it purport to contain or exclude a warranty of any kind. The court therefore erred in striking the plea, on motion, and in thereafter entering up judgment for the plaintiff.

*Judgment reversed. Stephens and Smith, JJ., concur.*

Decided February 7, 1920.

Complaint; from city court of Floyd county—Judge Nunnally. March 6, 1919.

*M. B. Eubanks,* for plaintiff in error. *Maddox & Doyal,* contra.