## 21777. WALLER *v.* MARTIN-SENOUR COMPANY.

STEPHENS, J. 1. Where by contract a guarantor obligates himself to a person furnishing goods and merchandise from time to time to an- other, to pay therefor "to the extent of $5000," and where by the terms of the contract of guaranty the person so furnishing the goods and mer- chandise could modify the credit terms without notice to the guarantor, the contract did not bind the opposite party thereto to extend credit to the extent of $5000, but only limited the guarantor's liability to that extent. In a suit by the seller against the guarantor, to recover upon such a contract of guaranty, it was no defense that the seller failed to extend credit to the extent of $5000.

2. Where the only consideration of a written contract, as expressed in the

contract, is "value received," this expression is a patent ambiguity, and the consideration may be shown by parol. *Pitts* v. *Allen*, 72 *Ga.* 69; *Friedman* v. *Ware*, 17 *Ga. App.* 677 (87 S. E. 1099). Where by a written contract of guaranty the guarantor obligates himself, for "value received," to pay an indebtedness of another, it may be shown by parol that, as a consideration for the guarantor's promise to pay, the opposite party to the contract had agreed to permit the guarantor to transfer certain goods of his own to the person whose debt he guaranteed, and to give the obligor credit for the goods. A plea by the guarantor, in a suit against him by the opposite party to recover on such a contract, set out a valid defense and was good against demurrer, where it alleged that the consideration for the contract was as indicated, and that the consideration had failed because the plaintiff, after the execution of the contract, refused to permit the defendant to transfer the stock of goods to the party named and refused to give the defendant credit therefor.

3. Where, after the execution of the contract of guaranty, the opposite party to the contract promised to give the guarantor a position of employment if the guarantor would take possession of the goods and merchandise which the opposite party to the contract had sold and delivered to the party whose debt had been guaranteed, which goods had not been paid for, and to sell the goods and apply the proceeds upon the indebtedness which the guarantor had guaranteed, and thus reduce the guarantor's loss, and where no promise or undertaking was made by the guarantor, there was no consideration for the opposite party's promise, and a refusal and failure of the opposite party to permit the guarantor to do this constituted no breach of contract.

4. Under the ruling in paragraph 2 above, the court erred in sustaining the demurrer to the defendant's plea which set up the defense there indicated.

5. The court having erred in sustaining the demurrer to the defendant's plea, the subsequent proceedings, which resulted in a verdict and judgment for the plaintiff, were nugatory.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 28, 1932.

*Oliver & Oliver,* for plaintiff in error.
*Abrahams, Bouhan, Atkinson & Lawrence,* contra.