### 22382. BAINBRIDGE MOTORS *v.* COX *et al.*

HOOPER, J. Construed together, plaintiff's petition and defendants' answer showed that the note sued upon was given as part of the consideration for the purchase-price of an automobile-truck covered by the retention-of-title contract attached to plaintiff's petition along with the note sued on. This contract contained the following recitals: "The vendor herein makes no warranties to the above-described property except as to title, and the maker hereof buys the said property after inspecting the same, and relies upon his own judgment and not upon the representations of the vendor herein." The plea alleged that certain representations as to the condition of the truck were made in order to procure its sale to the defendants, and then averred: "The plaintiff started said truck and turned it over to defendant W. K. Cox, and defendant drove it to his home, and afterwards started it and drove it to Spring Creek, and it knocked off running while defendant was driving the truck, and defendant has never been able by himself or any expert to get said truck started again, and said truck is a complete loss to defendants." *Held:*

Conceding, but not deciding, that this plea was otherwise sufficient, it affirmatively appears from the pleadings in the case that the defendants "bought the article just as it stood and without any sort of recourse on the seller;" and the trial judge erred in overruling the general demurrer to said plea and answer. See *Washington & Lincoln R. Co.* v. *Southern Iron & Equipment Co.*, 28 *Ga. App.* 684 (112 S. E. 905), and cit.; *Cody* v. *Automobile Financing Inc.*, 37 *Ga. App.* 452 (140 S. E. 634), and cit. That error rendered the further proceedings in the case nugatory.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 22, 1932.

*R. G. Hartsfield, D. R. Bryan,* for plaintiff.