24161. FRICK COMPANY INCORPORATED *v.*
LAWSON.

512

DECIDED FEBRUARY 7, 1935.

*C. E. Smith Jr., Hammond Johnson,* for plaintiff.
*Frank B. Slow,* for defendant.

GUERRY, J. Frick Company Inc. brought its action against I. H. Lawson on a certain promissory note in the amount of $200, executed by him in its favor. This note was dated April 18, 1930. Defendant filed his answer admitting that he executed the note to the plaintiff as alleged, but alleged that the note was given as part of the consideration of a sawmill purchased by the defendant from the plaintiff; that plaintiff, by T. H. Bell, agent, represented to him that such sawmill was in first-class condition; that a few days after the sawmill was set up and put into operation, which was on or about April 18, 1930, "one of the shanks that holds tooth of sawmill broke off, flying several feet through the air, and after defendant examined said saw [he] discovered that shank holding said·tooth had been broken *before* [italics ours] and welded back;" that upon informing plaintiff company of the condition of said saw and upon the representation by the plaintiff that they had another saw as good as new, he sent the original saw back to the plaintiff in exchange for such other saw, giving as an additional consideration, $25; that a short while thereafter the other saw was put into operation and it would wabble and continued to grow weaker until it was necessary to take said saw down on January 2,

1932, and have it hammered out; that it was then discovered that the "eye in said saw had been rung out and welded or brazed back;" that for that reason such saw was totally worthless and the consideration of said note had partially failed, and that he was damaged in a named sum. He further set up that a few days after receiving the sawmill "he discovered one head block had been broken and welded back, but in doing this said head block was made too narrow and would never work in base," and that it would take $45 to replace said head block, which he alleges as damages. The jury found a verdict in favor of the plaintiff in the sum of $60 principal, $17.40 interest, and $7.74 as attorney's fees (there being an admitted credit on the note of $50), and judgment was entered thereon. The plaintiff filed a motion for a new trial and the judge overruled the same; to which judgment plaintiff excepts. Plaintiff also filed demurrers, general and special, to the answer of the defendant, and, after amendment to meet the special demurrers, they were overruled; to which judgment overruling his demurrers he preserved his exceptions by exceptions pendente lite.

■ The note sued upon in this case expressed a consideration of "value received." Defendant filed his answer admitting a prima facie case, but setting up that the note was executed as part of the purchase-price of a sawmill outfit, purchased by the defendant from the plaintiff, and that because of the breach of express parol warranties made in connection with the sale of the sawmill, the consideration for said note had partially failed, to which extent he prayed damages. It is well-settled law in this State that where a promissory note recites as a consideration "value received," such phrase itself being a patent ambiguity (*Pitts* v. *Allen,* 72 *Ga.* 69; *Bing* v. *Bank of Kingston,* 5 *Ga. App.* 578, 63 S. E. 652; *Reviere* v. *Evans,* 103 *Ga.* 169, 29 S. E. 756; *Brewer* v. *Grogan,* 116 *Ga.* 60, 42 S. E. 525; *Baggs* v. *Funderburke,* 11 *Ga. App.* 173, 74 S. E. 937; *Friedman* v. *Ware,* 17 *Ga. App.* 677, 87 S. E. 1099; *Burke* v. *Napier,* 106 *Ga.* 327, 32 S. E. 134), it is permissible for the makers, when sued thereon by the original holders, to show that the consideration of the note was personal property, as to which the warranties made by the seller, either express or implied, have totally or partially failed. *Pidcock* v. *Crouch,* 7 *Ga. App.* 299 (66 S. E. 971); *Pope* v. *Peterson,* 7 *Ga. App.* 395 (66 S. E. 984); *Waller* v. *Martin-Senour Co.,* 45 *Ga. App.* 808 (166 S. E. 63); Civil

Code (1910), § 5204. This was the substantial effect of the defendant's answer. Even had the note expressed upon its face that it was given in consideration of a sawmill, and said nothing with reference to warranties, it thereby appearing that the entire contract of sale was not integrated in the note, it would be permissible for the purchaser to set up prior or contemporaneous parol express warranties with reference to the property. *Pryor* v. *Ludden & Bates Southern Music House,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Smith* v. *Fisher,* 24 *Ga. App.* 729 (102 S. E. 170). Aliter if the contract of sale was apparently complete upon its face. See *Smith* v. *Loflis,* 43 *Ga. App.* 354 (158 S. E. 768); *Washington & Lincolnton R. Co.* v. *Southern Iron & Equipment Co.,* 28 *Ga. App.* 684 (112 S. E. 905); *Colson* v. *Ellis,* 40 *Ga. App.* 768 (151 S. E. 654); *Payne* v. *Chal-Max Motor Co.,* 25 *Ga. App.* 677 (104 S. E. 453); *Howard Inc.* v. *Nalley,* 44 *Ga. App.* 311 (161 S. E. 380); *Peck* v. *Harris,* 38 *Ga. App.* 477 (144 S. E. 683); *Barfield* v. *Farkas,* 40 *Ga. App.* 559 (150 S. E. 600); *Stamps* v. *Dawson Mfg. Co.,* 26 *Ga. App.* 349 (106 S. E. 195); *Hoffman* v. *Franklin Motor-Car Co.,* 32 *Ga. App.* 229 (122 S. E. 896); *Widincamp* v. *Patterson,* 33 *Ga. App.* 483 (127 S. E. 158); *Morgan* v. *Williams,* 46 *Ga. App.* 774 (169 S. E. 211); *Bainbridge Motors* v. *Cox,* 46 *Ga. App.* 167 (167 S. E. 202); *Mock* v. *Kemp,* 17 *Ga. App.* 448 (87 S. E. 608); *Anderson* v. *International Harvester Co.,* 27 *Ga. App.* 533 (109 S. E. 417); *Toller* v. *Hewitt,* 12 *Ga. App.* 496 (77 S. E. 650); *Morton* v. *Tharpe,* 41 *Ga. App.* 788 (154 S. E. 716); *Reeves Tractor & Implement Co.* v. *Barrow,* 30 *Ga. App.* 420 (118 S. E. 456); *West* v. *Miller,* 32 *Ga. App.* 199 (122 S. E. 809); *Smith* v. *Webb,* 20 *Ga. App.* 313 (93 S. E. 74); *Colt Co.* v. *Bridges,* 162 *Ga.* 154 (132 S. E. 889); *Rawlings* v. *Fields,* 28 *Ga. App.* 195 (110 S. E. 499); *Parcel Delivery Co.* v. *American Oil Pump & Tank Co.,* 25 *Ga. App.* 659 (104 S. E. 27). It was therefore proper, after the defendant's plea had been amended to meet certain special grounds of demurrer, to overrule the demurrer as presenting no defense to the note sued upon.

■ Upon the trial the evidence disclosed, without dispute, that the day before the execution of the note sued upon, the defendant executed a written order or contract for the purchase of the sawmill in question, and that the note being sued upon was given in pursuance of such contract. The note and contract must therefore be

construed together as the contract between the parties. The contract recited (after describing the various parts of the sawmill outfit) that "the above machinery is sold as second-hand, and, in consideration of the reduced price at which sold, . . the same is sold *without warranty* [italics ours] unless otherwise agreed upon and stipulated herein in writing. This order contains in writing or print the entire contract between the parties hereto." Such provisions must be held to waive all defects, latent and patent (unless otherwise agreed upon in the contract) existing in the machinery at the time of its purchase, and the defendant will not be heard to set up prior or contemporaneous parol express warranties made by the seller, it not being alleged or contended that any actual fraud was practiced upon the defendant in the actual execution of the contract. See, in this connection, cases above cited, and *Stimpson Computing Scale Co.* v. *Taylor,* 4 *Ga. App.* 567 (61 S. E. 1131) ; *Hoffman* v. *Franklin Motor Car Co.,* supra; *Daniel* v. *Burson,* 16 *Ga. App.* 39 (84 S. E. 490) ; *Purser* v. *Rountree,* 142 *Ga.* 836 (83 S. E. 958) ; *Gary* v. *Parker,* 18 *Ga. App.* 506 (89 S. E. 599) ; *Crosby* v. *Patterson,* 32 *Ga. App.* 790 (124 S. E. 805) ; *Guthrie* v. *Rowan,* 34 *Ga. App.* 671 (131 S. E. 93) ; *Brooks* v. *Jenkins,* 15 *Ga. App.* 64 (82 S. E. 634) ; *Shinall* v. *Skelton,* 28 *Ga. App.* 527 (112 S. E. 163) ; *Connell* v. *Newkirk-George Motor Co.,* 28 *Ga. App.* 382 (111 S. E. 749) ; *Widincamp* v. *Patterson,* supra; *Bainbridge Motors* v. *Cox,* supra; *Daniel* v. *Burson,* 18 *Ga. App.* 25 (88 S. E. 745) ; *Cody* v. *Automobile Financing Inc.,* 37 *Ga. App.* 452 (140 S. E. 634) ; *Harrell* v. *Holman,* 21 *Ga. App.* 159 (93 S. E. 1021) ; *Hardy* v. *General Motors Acceptance Cor.,* 38 *Ga. App.* 463 (144 S. E. 327) ; *Holt & Duggan Co.* v. *Clary,* 146 *Ga.* 46 (90 S. E. 381). Pretermitting, therefore, any discussion or decision as to whether the representation alleged to have been made by the agent of the seller in connection with the sale of the sawmill, that it was in "first class condition," would amount to an express warranty or merely an expression of opinion, as being unnecessary here, the defective condition of the mill as originally sold to the defendant, which included the defective headblock and saw, was not a question for the jury, for while it is true that the order or contract, which contained the provision, "without warranty," was not set out or referred to in the plaintiff's pleadings, yet where it is undisputed, as pointed out above, that the consideration of the

contract, "value received," was the sawmill outfit which was the subject-matter of the contract, and that they together constituted the transaction between the parties, it was admissible in evidence and would operate to exclude all prior or contemporaneous representations or agreements between the parties with reference to the sale of the sawmill. See, in this connection, *International Harvester Co.* v. *Morgan,* 19 *Ga. App.* 716 (92 S. E. 35).

■ However, the evidence for the defendant tended to prove that after the execution of the original contract, the saw, which constituted a part of the sawmill outfit as originally sold, broke, thereby disclosing that it contained a latent defect and that the plaintiff agreed to and did actually exchange another saw, which they represented to be "as good as new," for the defective saw under the original contract, for an additional consideration of $25. If the jury had found that this agreement (with reference to the saw) constituted a new contract between the parties, and that it was not intended by the parties that the second saw be merely substituted under the original contract for the defective one, and that the terms of the original contract were not intended to apply to such subsequent transaction, then, if they determined that there had been a breach of an express parol warranty, as alleged in the defendant's answer, with reference to the second saw, they would have been authorized to reduce the amount due the plaintiff in the amount of damages for the breach of such warranty. The defendant will not be held to have waived his right under such express parol warranty, because of a partial payment on the original note given for the sawmill outfit, after the discovery of the defective condition, which discovery was made after acceptance of the property. See, in this connection, Civil Code (1910), § 4137.

It is often difficult to decide whether or not a general parol representation with reference to property about to be sold constitutes an express warranty or is merely an expression of opinion, not made to be relied upon by the purchaser; much will depend on the situation of the parties and the condition of things when the language is sued, and on the article to which it will apply. While it is true that no formal words are necessary to constitute a warranty, the language used should not be dubious or equivocal. 37 Pa. 147 (78 Am. D. 411). It seems, however, to be well settled that it is generally a question for the jury to determine what was

the intention of the parties. It is true, that some statements made with reference to property should be held as a matter of law to be mere "puffing" or "salesman talk," and we have entertained serious doubt as to whether or not it would be permissible for the jury to find under any set of circumstances that the statement that the saw given in exchange for the original saw was "as good as new" constituted an express warranty. However, we have come to the conclusion that under the facts of this case the jury might find that the statement that the saw was "as good as new" was actually intended by the parties as a warranty of the property, and not a mere expression of opinion. See, in this connection, Arpin Lumber Co. v. Carmichael, 115 Wis. 442 (91 N. W. 965). See also the following cases in which it was held that the expression that property was "all right," or "first class," might amount to a warranty. Loper v. Lingo, 29 Del. 170 (97 Atl. 585); Van Horn v. Stautz, 297 Ill. 530; Powell v. Chittick, 89 Iowa, 513; McClintock v. Emick, 87 Ky. 160; Little v. Woodworth, 8 Neb. 281; Danforth v. Crookshanks, 68 Mo. App. 311; Detjen v. Moerschel Brewing Co., 157 Mo. App. 614; Merkle Hines Mach. Co. v. Gaynor, 185 Iowa, 210; Potomac Steamboat Co. v. Harlan &c. Co., 66 Md. 42; Haines v. Neece, 116 Mo. App. 499; Frey v. Failes, 37 Okla. 297; Kemble v. Wiltison, 92 W. Va. 32. It is seen, therefore, that the jury might have been authorized, according to the opinion they entertained of the evidence, to reduce the amount of the note due the plaintiff.

■ However, after the acceptance of personal property sold under an express warranty, it is presumed that it is of the quality ordered, and the burden is upon the defendant in all cases to show that it was not. It has, in numerous decisions, been held that under a plea of total failure of consideration, where the property is shown to be of some value, or where there is only a plea of partial failure of consideration, it is the duty of the defendant to furnish to the jury some data upon which they could, without guesswork, estimate the extent of such partial failure. *Harder* v. *Carter,* 94 *Ga.* 482 (21 S. E. 50); *Clegg Ray Co.* v. *Indiana Scale Co.,* 125 *Ga.* 558 (54 S. E. 538); *Colt Co.* v. *Armstead,* 36 *Ga. App.* 64 (135 S. E. 317). The evidence in this case fails in this respect to support the verdict rendered. It is unquestionably shown, by evidence that the second saw furnished under the contract was used

for three years, sawing several thousand feet of lumber a day, before it was taken down and found to contain the latent defect which the defendant claimed rendered it useless, that the saw was of some value, although no data was furnished the jury upon which they could estimate to what extent the saw did not come up to the express warranty relied upon. The judgment is for this reason reversed and the case returned for another investigation.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., concurs specially.*

BROYLES, C. J., concurring specially. "A petition [or answer] which does not aver a time, as to every material or traversable allegation, is subject to special demurrer pointing out the defect." *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (3) (58 S. E. 1060); *Wrightsville & Tennille R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (2), 376 (71 S. E. 691); *Warren* v. *Powell,* 122 *Ga.* 4 (49 S. E. 730). In the instant case the defendant alleged, in paragraph 20 of his original answer, that he "delivered the second saw to the plaintiff company in Atlanta, Georgia, as advised to do by agent of plaintiff company." The plaintiff demurred specially to the paragraph, on the ground that it "fails to allege any date on which defendant delivered the second saw to plaintiff company as alleged, nor in what manner it was delivered." The paragraph was not amended by the defendant, and the demurrer thereto was overruled by the court. Under the foregoing ruling it is obvious that the judgment on the demurrer was error, and, under the facts of the case, as disclosed upon the trial, it was reversible error for the following reason: If the defendant had been required to amend paragraph 20 of his answer so as to show when he delivered the second saw to the plaintiff company, the amendment would have disclosed that it was returned in March, 1933, and the answer elsewhere showed that the defendant received the saw in April, 1930. Therefore, if the defendant had been required so to amend paragraph 20, the answer would have shown on its face that the defendant had kept and used the saw for nearly three years, without making any complaint about it to the plaintiff company, although he knew during all those months that it was defective. The answer would have further disclosed on its face that the defendant made payments on the saw, without complaint, for almost three years after he had found out that it was defective. It follows that the answer, if so

amended, would not have set out any valid defense to the plaintiff's suit, as the facts given therein would have shown a waiver by the defendant of any defects in the saw. It thus appears that the error in overruling the special demurrer in question was most harmful to the plaintiff and requires a reversal of the judgment. The error upon the demurrer rendered the further proceedings in the case nugatory.