## WATTS *v.* WATTS, administrator.

FISH, J. Where the respondent in a motion for a new trial moved for the revocation of the approval of the brief of evidence, and the movant in the motion for a new trial was ordered to file "a full brief of the evidence" by a given date, and where upon the date named, no additional brief having been filed and no satisfactory reason having been given for the failure to do so, the court revoked its approval, reciting in the order "that the brief heretofore filed is very imperfect, does not contain a fair statement of the evidence introduced upon the trial, and the court not being able to remember the evidence so as to settle the dispute between the counsel," etc., and dismissed the motion for a new trial, because no approved brief of evidence had been filed: *Held,* that the court did not err in revoking the approval of the brief of evidence or in dismissing the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*

Argued June 16, — Decided August 2, 1899.

Dismissal of motion for new trial. Before Judge Fite. Gordon superior court. December 31, 1898.

*W. P. M. Watts,* for plaintiff in error.
*R. J. & J. McCamy,* contra.

---

RAGSDALE *v.* SHIPP.

108 817
Case 2
130 59

FISH, J. 1. The mere expression by a seller of his opinion or belief will not constitute him a warrantor. Where during the negotiation of a trade for a mule the buyer in examining the animal found that it "looked very sleepy and bad and was swollen under the throat and [he] asked what was the matter with [it], and [the seller] said that it had shipping cold and would be all right in a few days," there being nothing to show that the buyer did not then have as full knowledge of the nature and extent of the disorder as the seller had, and it not appearing that the buyer did not rely upon his own judgment as to the probable result of the disease, rather than upon the declaration of the seller: *Held,* that the statement of the seller, under the circumstances, was not an express warranty, but simply an expression of his opinion or belief.

2. An implied warranty will not cover a patent defect.

*Judgment reversed. All the Justices concurring.*

Argued June 17, — Decided August 2, 1899.

Certiorari. Before Judge Fite. Paulding superior court. August term, 1898.

*A. L. Bartlett, L. M. Washington,* and *J. M. Davis,* for plaintiff.
*J. J. Northcutt,* for defendant.