### 13839.  CAMP v. CLARKESVILLE FOUNDRY & MACHINE WORKS.

The plea of the defendant not being wholly bad, it was error to strike it on demurrer.  The special demurrer attacking the defendant's claim for expenses incurred was properly sustained.

DECIDED MAY 21, 1923.

Complaint; from city court of Atlanta — Judge Reid.  June 17, 1922.

This was a suit on a promissory note given for the purchase-price of ten sets of a certain kind of machinery.  The defense pleaded was a total failure of consideration, it being alleged that the machines were to be made under a contract entered upon by correspondence, according to specifications in blue-prints furnished to the plaintiff by the defendant.  The answer set forth that the machines were not fit or proper for the purposes and use intended, being made incorrectly and in conflict with the specifications in the blue-prints; that the machines were not fit or proper for the purpose intended, but were altogether worthless, for the reason that they were made out of inferior and defective material.  The plea showed that "the note sued on was executed after six of the ten sets of machinery had been shipped, and prior to the time that four of the machines had been completed or

shipped." It was further alleged, that the plaintiff, in consideration of said note, " warranted that the sets already shipped and those unfinished and to be finished and shipped were and would be fit, proper, and reasonably suited for such purpose and use," and that the defendant " executed said note trusting in said representations and warranty of plaintiff, as plaintiff well knew."

The plea set up certain expenses in a named sum, alleged to have been incurred in rebuilding and supplying defective parts to the machinery, and made up of railroad fares, hotel bills, and bills for labor employed, without any attempt to itemize any of such expenditures. It sought to set up other items in a named sum, occasioned by alleged lost orders from named customers.

The plaintiff demurred to the answer generally, and upon the grounds, that the contract and correspondence under which the machinery was to be supplied were not attached to the answer; that, while it appears that the defense relied upon was a breach of an express warranty in failing to conform to the specifications in the blue-prints under which the machinery was to be manufactured, the plea was vague and uncertain, in that it set forth a breach in the terms of an implied warranty; and that the damages sought for expenses incurred by the defendant in connection with the rebuilding and repair of the machinery, and the damages claimed on account of alleged lost customers, were not legitimate specifications of damage. The judge withheld judgment on the general demurrer, and sustained the demurrer as to the damages occasioned by the alleged loss of customers. He sustained the remaining special grounds, subject to right of amendment within ten days. The defendant thereupon amended his plea, by setting up the correspondence, but failed to attach thereto the blue-prints and specifications referred to in the original plea. In response to the demurrer relative to the uncertainty as to the nature of the warranty alleged to have been breached, he amended the answer, by alleging that " said warranty was an implied warranty that the goods would be reasonably suited to the use intended and merchantable." He further showed in his amendment that the note " was executed before plaintiff [defendant] had seen the sets or any part of them, and before any personal examination of the sets had been made." He amended the original plea with reference to the failure of the machinery

to conform with the specifications in the blue-prints, by attaching thereto as an exhibit a letter from the defendant to the plaintiff, written two months prior to the signing of the note, and apparently after two of the machines had been shipped, in which complaint was made as to various defects as to construction. He further amended his plea, with reference to the inferior and defective material used, as follows: " Said sets were manufactured out of a cheap grade of cast-iron, same being too brittle and breakable for the strain to which they would be subjected in ordinary use, whereas the proper manufacture of the sets required tough cast-iron steel of the very best quality." He amended his answer with reference to expenses incurred, by attaching certain exhibits, showing expenses of trips to various cities, hotel bills, railroad fares, labor, laboratory expenses, and various other items, but failed in any way to show how or wherein such items of expense were necessary and proper charges for the purposes for which they were alleged to have been incurred.

The plaintiff renewed its general and special demurrer, and demurred on the ground that the plea as amended affirmatively shows that the note was given after all the defects complained of in the defendant's letter were brought to the attention of the defendant, and that by giving the note the defects, if existing, were waived. It demurred specially to the items of expense, as follows: "that it does not appear in said amendment why J. A. Shields was forced to go to Memphis, Tenn., or who J. A. Shields was, or what he did; that it does not appear from the exhibits to said amendment who H. S. Ezzard was, or why he went to Birmingham, Ala., or what he did in Birmingham, so as to connect it with any demand lawfully existing against petitioner; that the same does not appear with regard to H. S. Ezzard and his expenses to Pensacola, Florida, and two trips to Clarkesville, Tenn., and his trip to Selma, Ala., as appears from exhibits 3, 4, 5, and 6; that it nowhere appears why the money set forth in defendant's exhibit 7 was paid to Barrow-Agee Laboratories, or how and in what manner it was connected with defendant's claim against petitioner; that defendant's exhibit number 8 to said paragraph does not show how or why or in what manner petitioner is liable for the amount paid to American Cotton Oil Company, that it does not appear from defendant's exhibit 9 to said paragraph

how, or why, or in what manner, and for what reason petitioner should pay the sums therein set forth, which are alleged to have been paid to L. R. Camp; that it does not appear from said paragraph, or any allegation of exhibit number 10 to said paragraph, how, or why, or in what manner petitioner became indebted to defendant on account of any money paid to the Southern Railway Company by defendant." The court sustained the demurrer generally and struck the answer, and to this judgment exception was taken.

*Watkins, Russell & Asbill,* for plaintiff in error.

*Thomas J. Lewis,* contra.

JENKINS, P. J. (After stating the foregoing facts.) In *Harder* v. *Carter, 97 Ga.* 273 (23 S. E. 82), a rule of estoppel was announced, to the effect that, where one gives a note for the purchase-money of an article which is defective, with full knowledge of such defect, he will be held to have waived the defect, and cannot set it up in defense to an action on the note. This rule has been limited by the doctrine announced in *Means* v. *Subers,* 115 *Ga.* 371 (41 S. E. 633), and *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (7) (48 S. E. 143), to cases where it is made to appear that at the time the note was given the maker had actual knowledge that the article was defective, or that prior to the giving of the note he had made actual inspection of the article, and the defects therein were of such a character as to be patent to the person making such actual examination. Whether the limitation just referred to applies in case of implied warranty, or only to cases where the purchaser has a right to depend upon an express warranty (see Civil Code of 1910, § 4135; *Moultrie Repair Co.* v. *Hill,* supra, 731 (1, 2); *Bray* v. *Southern Iron Co., 28 Ga. App.* 813, 113 S. E. 55), the doctrine originally set forth in *Harder* v. *Carter,* supra, would not control where the plea in effect sets forth that the note was executed on the faith of representations then made that the defects then known to the purchaser and then complained of would be rectified. *Stamps* v. *Dawson Brothers Co.,* 26 *Ga. App.* 349 (2) (106 S. E. 195). Nor could the doctrine of estoppel have complete application so as to authorize the striking of the plea, where it appears that four of the ten sets of machinery were shipped and delivered subsequent to the time that the note was executed.

Where, however, a defense is expressly limited to a breach by the plaintiff of an implied warranty, resort can not be had to proof of a breach of an express warranty; this under the familiar rule that where a contract contains an express warranty, an implied warranty is excluded. See numerous cases cited in 11 Enc. Dig. Ga. Rep. (Cum. Supp.), 447; 4 Stevens' Dig. 3445, 3447. Words expressed in a contract descriptive of the particular character and detailed workmanship of the subject-matter of a sale must be taken as warranties. *Miller* v. *Moore,* 83 *Ga.* 684 (10 S. E. 360, 6 L. R. A. 674, 20 Am. St. Rep. 329) ; *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (46 S. E. 657). Thus, the plea was defective in so far as it sought to set up a ground of defense under an implied warranty by showing that the details of construction failed to conform to the blue-prints furnished to the plaintiff under the terms of the contract. Even if the defendant had not expressly limited his defense to a breach of an implied warranty, he could not depend on those grounds after having failed or refused to attach the blue-prints and specifications to his answer in response to the special demurrer. The defense as pleaded is good, however, to the extent that it offers to show that the machines were worthless on account of defective material having been employed in their construction. The rule that an express warranty excludes an implied warranty is absolute where the contract expressly declares that there shall be no other warranty than those expressed. Where the express warranty does not consist in a statement of the particular character or detailed workmanship of the article furnished, but seeks to express in terms the scope and extent of the guarantee, it might well be that in some cases that which is not thus expressly included should be held to have been impliedly excluded. But where the nature of the express warranty does not seek to cover the whole subject-matter of the sale, but consists merely in an agreement as to the particular character and detailed workmanship of the article sold, such an expressed warranty must be taken to refer only to those matters thus dealt with, and should not be construed to exclude the implied warranty, with which it does not conflict, that the material employed should be such as would render the finished product suited for the use intended. *Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464 (1), 467 et seq. (83 S. E. 138,

L. R. A. 1915B, 900). The plea in no wise indicates that the grade and quality of the material to be used was covered by the express terms of the contract. If the evidence should develop that it did, a defense seeking to set up such a default under an implied warranty would not avail. The plea does not indicate that such a deficiency would constitute a patent defect. This is a matter which is generally a question for the jury (*Kronman* v. *Roush Produce Co.*, 3 *Ga. App.* 152 (2), 59 S. E. 320), in determining whether the rights of parties have been waived by acceptance of the goods, or by failure to include such a defect in the grounds originally stated for their rejection. See *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95).

　　　　*Judgment reversed. Stephens and Bell, JJ., concur.*