*R. D. Meader,* for plaintiff. *Wade H. Watson,* for defendant.

18539. HARDY *et al. v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

DECIDED JULY 13, 1928.
ADHERED TO ON REHEARING, SEPTEMBER 1, 1928.

*Julian S. Chambers,* for plaintiffs in error.
*Harry S. McCowen,* contra.

JENKINS, P. J. General Motors Acceptance Corporation, as transferee of Darnall Motor Company, sued out a purchase-money attachment, returnable to the municipal court of Atlanta, against Hardy and others for the purchase-price of an automobile sold to the defendant Hardy under a sale contract which provided that "no warranties have been made by the seller unless endorsed hereon in writing." The defendant in attachment sought to set up a breach of the sale agreement, in that the machine sold did not come up to the implied warranty, and offered evidence for the purpose of showing the existence of latent defects such as rendered it reasonably unsuited to the use intended. This evidence, on objection, was rejected by the court on the theory that the sale agreement excluded all warranties, both express and implied, and thereafter the court directed a verdict in favor of the plaintiff for the amount

sued for. The defendant took the case to the superior court by certiorari, and exception is taken to the judgment of that court overruling the certiorari. The questions to be determined are whether the clause set forth in the sale agreement excluded implied warranties, and, even if it did not, whether the court was nevertheless authorized to direct a verdict in favor of the plaintiff on the theory that no proof was offered by the defendant going to show the extent of the damage occasioned by such latent defect.

1. Unless the parties to a sale agreement should by special contract expressly or by implication provide otherwise, the law implies an unexpressed warranty on the part of the seller that he has a valid title and the right to sell the bargained property, that it is merchantable. and reasonably suited to the uses intended, and that he knows of no undisclosed latent defects. Civil Code (1910), § 4135. Where by private agreement the parties seek to take the law in their own hands, they are at liberty to do so, and the general rule is that an expressed warranty excludes the implied warranty (*Springer* v. *Indianapolis Brewing Co.,* 126 *Ga.* 321 (3), 55 S. E. 53), but only to the extent that the expressed warranty deals with matters which would have been covered by the implied warranty, and should not be construed to exclude the implied warranty as to matters with which it does not deal, and with which it does not conflict. *John A. Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900) ; *Camp* v. *Clarkesville Foundry & Machine Works,* 30 *Ga. App.* 298, 302 (117 S. E. 660).

The construction of a contract is a question for the court. Where any matter of fact is involved, the jury should pass on the fact. Civil Code (1910), § 4265. It has often been said that while it is the duty of the court to construe all plain and unambiguous contracts, this duty is delegated to the jury in cases of ambiguity, where resort must be had to aliunde testimony in order to clarify the meaning of the language used, so as to get at the real intention of the parties. *Nelson* v. *Spence,* 129 *Ga.* 35 (7) (58 S. E. 697) ; *Ludden & Bates* v. *Dairy & Farm Supply Co.,* 17 *Ga. App.* 581 (87 S. E. 823) ; *Empire Mills* v. *Burrell Engineering &c. Co.,* 18 *Ga. App.* 253 (89 S. E. 530). It would seem, however, that in a mixed question of law and fact, such as is involved in the construction of an ambiguous contract requiring aliunde proof for its clari-

fication, it would be more accurate to say that the court, at last, must construe the contract, inasmuch as the jury, after passing upon the issues of fact, must give to it such effect as is in accord with the alternative instructions of the court. In the instant case, there being no issue of fact involved, it was the duty of the court to construe the contract without the aid of the jury, and in doing so to give effect to the cardinal rule of construction, which is to ascertain the intention of the parties as evidenced by the language employed. Civil Code (1910), § 4266. If the contract was of doubtful meaning, it was his duty to construe it against the party who prepared it. *Wilcox* v. *Owens,* 64 *Ga.* 601.

The language of the contract, which was prepared by the seller, to wit, "no warranties have been made by the seller unless endorsed hereon in writing," should be construed as referring to express stipulations, and not as excluding the warranties implied by law. It should not be taken to nullify the implied covenant that the seller had a valid title in the bargained property and the right to sell it, that it was merchantable and reasonably suited to the uses intended, and that the seller knew of no latent defects undisclosed. The rational interpretation of the quoted provision must be taken to be that the company making the sale sought in this way to make it plain that it was not to be bound by any expressed verbal warranties which might have been made by its agents, but was limited to only such express obligations as were set forth in the sale agreement. The expression can not reasonably be taken to refer to implied warranties, which do not have to be "made", and are not supposed to be expressed, but which, if not excluded by the contract, are deemed to be a part thereof as a matter of law. The express exclusion of express warranties does not, by implication, impair the implied warranties. The expression quoted is not the equivalent of declaring that the property is not warranted *at all,* as was the case in *Holt & Duggan Co.* v. *Clary,* 146 *Ga.* 46 (90 S. E. 381) ; *Harrell* v. *Holman,* 21 *Ga. App.* 159 (93 S. E. 1021) ; *Payne* v. *Chal-Max Motor Co.,* 25 *Ga. App.* 677 (104 S. E. 453). Accordingly, the court erred in excluding all evidence tending to establish a breach of the implied warranty.

2. When, as shown by the petition for certiorari and the answer of the magistrate, the court, on plaintiff's motion, ruled "that no evidence tending to prove a breach of the implied warranty . .

could be introduced," he cut off the defendant from making her defense, and his action in so ruling was equivalent to sustaining an oral motion to strike the defendant's plea. A verdict in favor of the plaintiff followed as a matter of course. There could not, therefore, be a proper application of the rule now invoked by the plaintiff, which requires a defendant, in submitting proof to sustain a partial failure of consideration, to show the amount and extent of his damage. Since the court had refused to let the defendant show any damage, it was impossible for her to show what damage.

3. Under the foregoing rulings, the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Stephens and Bell, JJ., concur.*