21252. HOWARD INCORPORATED *v.* NALLEY & COMPANY.

JENKINS, P. J. 1. "Fraud voids all contracts." Civil Code (1910), § 4254. "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale, though the party making it was not aware that his statement was false." Civil Code (1910), § 4113.

2. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representa-

tions or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer*, 118 *Ga.* 918 (45 S. E. 711). What constitutes the terms of a contract is, however, one thing, and whether or not false and fraudulent representations may have induced the making of it is another and different thing. *Barfield* v. *Farkas*, 40 *Ga. App.* 559 (3) (150 S. E. 600). Accordingly, the plea of the defendants in the instant case that the contract sued on was induced by fraud on the part of the plaintiff in falsely representing that the goods contracted for were almost indispensable to the automobile business, and that the plaintiff's agent "had sold a like order" to a competitor in business of the defendants, and that it was necessary for the defendant to purchase the goods in order to compete fairly with this competitor, was not subject to be stricken on the ground that it sought to vary the terms of the written agreement. While the statement alleged to have been made, that the goods were "almost indispensable to the automobile business," constituted an expression of opinion on the part of the salesman, and amounted to mere "puffing," the representation that a similar contract had been entered into by the defendants' business competitor was a material representation of fact, such as would, if false and relied upon by the defendant, to his damage, constitute fraud.

3. Unless the parties to a sale agreement should by special contract expressly or by implication provide otherwise, the law implies an unexpressed warranty on the part of the seller that he has a valid title and the right to sell the bargained property, that it is merchantable and reasonably suited to the uses intended, and that he knows of no undisclosed latent defects. Civil Code (1910), § 4135. The parties are at liberty, however, to take the law into their own hands, and the general rule is that an expressed warranty excludes the implied warranty (*Springer* v. *Indianapolis Brewing Co.*, 126 *Ga.* 321 (3), 55 S. E. 53), but only to the extent that the expressed warranty deals with matters which would have been covered by the implied warranty, and should not be construed to exclude the implied warranty as to matters with which it does not deal, and with which it does not conflict. *John A. Roebling's Sons Co.* v. *Southern Power Co.*, 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900); *Camp* v. *Clarkesville Foundry &c. Works*, 30 *Ga. App.* 298, 302 (117 S. E. 660). The language of the contract in the instant case, "no verbal agreements made," could not reasonably be taken to refer to the implied warranties, which, if not excluded by the contract, are deemed to be a part thereof as a matter of law, so as to impair by implication the warranties implied by law. *Hardy* v. *General Motors Acceptance Corp.*, 38 *Ga. App.* 463, 465 (144 S. E. 327). Accordingly, the amendment to the defendants' answer was not subject to the objection interposed, that "an implied warranty could not be pleaded, as the goods ordered and shipped were itemized and set out in the contract." It was, however, subject to the further objection interposed, that the amendment undertook to set forth the breach of an express warranty when no such warranty was incorporated in the terms of the contract; and for this reason and to this extent the objections to the amendment to the answer were good.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided November 12, 1931.

*T. Glenn Dorough,* for plaintiff.  *Boyd Sloan,* for defendants.