### 25051. TERRELL *v.* FLORENCE.

355

*Charles & Harry Markeles,* for plaintiff.

*T. Elton Drake,* for defendant.

BROYLES, C. J. Henry Terrell brought a suit for damages against John S. Florence, trading as John S. Florence Motor Company. The amended petition alleged that the plaintiff bought a second-hand automobile from the defendant; that there was a *patent* defect in the car at the time of the sale; that on the day after the sale, while the plaintiff was driving the car, the defect therein caused a wheel of the car to come off and the car to turn over, thereby inflicting personal injuries upon the plaintiff; and that the defendant was negligent in not discovering the patent defect this defect being the improper way in which the wheel was fastened to the car. The petition did not allege that any written or verbal warranties were given by the defendant, except that the employees who sold the car, and at the plaintiff's request made some minor repairs thereon, assured the plaintiff that the car was "in a safe-running condition." *Held:* ■ Under all the facts of the case the assurance given by the employees of the defendant did not amount to an express warranty, but was merely an expression of their opinion or belief. *Ragsdale* v. *Shipp,* 108 *Ga.* 817 (34 S. E. 167). ■ If the assurance by the defendant's employees amounted to an implied warranty, it is well settled that such a warranty does not cover a patent defect. *Ragsdale* v. *Shipp,* supra. ■ The amended petition, showing that the defect was patent and that the car was sold without any express warranty, failed to set out a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*