## 27108. SMITH v. CLEMENTS.

Decided October 18, 1938.

*George P. Munro*, for plaintiff in error. *John C. Butt*, contra.

Broyles, C. J. ■ The motion to dismiss the writ of error, on the ground that counsel for the plaintiff in error failed to serve counsel for the defendant in error with a copy of his brief, is denied. Such a failure may subject counsel for the plaintiff in error to punishment for contempt of court, but it is not cause for a dismissal of the writ of error.

■ Clements brought suit against Smith on a promissory note given for the purchase-price of two mules. It was recited in the note that "if the above property [the two mules] is lost by death, destruction, or otherwise, the loss shall fall on me [Smith], and

not on said Clements, his heirs or his assigns, but I [Smith] agree to pay said debt notwithstanding." The defendant admitted in his plea that he executed the note, "and that the plaintiff is the owner and holder of the same." The plea also admitted "that at the time he [the defendant] bought them [the mules] they were sick with colds, but that plaintiff told him to take them on and that he, plaintiff, would be responsible for them. Defendant says that he carried them to his farm and gave them good treatment, but said mules failed to recover; that he tried to work them, but could only work them a short while, on account of their sickness. Defendant says that one of said mules died during the month of March, and that the other one died about the first of April [the mules were bought January 2] . . that the death of said mules was on account of the colds which they had when they were sold to him by the plaintiff. Defendant says that plaintiff sold said mules to him under the implied warranty that they were reasonably suited for the purpose intended; that in the sale to him there was no exclusion of the implied warranty of law as provided for by the statute, for the reason that plaintiff told him to take them along and that he, plaintiff, would be responsible for them. Defendant says that said mules were not merchantable and were not reasonably suited for the use intended, and there was a total failure of consideration." That part of the plea attempting to set up an express warranty, based on the alleged fact that the seller of the mules told the defendant to take the sick mules and that the seller would be responsible for them, was properly stricken on demurrer, since nothing appears in the written contract of sale about the sickness of the mules or about the plaintiff's representations to the defendant in that connection; and the plea was an attempt to vary the terms of the written contract by setting up parol evidence of previous or contemporaneous representations or statements. "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711); *Howard* v. *Nalley,* 44 *Ga. App.* 311 (2) (161 S. E. 380). Nor did the court err in striking that portion of

the plea which attempted to set up an implied warranty, since it was disclosed by the plea itself that the defendant, at the time he purchased the mules, knew that they were sick with colds. The defect in the mules was patent; and "an implied warranty will not cover a patent defect." *Ragsdale* v. *Shipp,* 108 *Ga.* 817 (2) (34 S. E. 167); *Terrell* v. *Florence,* 53 *Ga. App.* 354 (2) (185 S. E. 839). After the striking of the defendant's plea, the court did not err in directing the verdict in favor of the plaintiff.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*