Zimmerman, J.
The precise question we are now required
to determine is whether, in an action for damages brought by the ultimate purchaser of a product directly against its manufacturer and based on the claim that the ingredients of the product were advertised and represented by the manufacturer to such purchaser to be safe and harmless when devoted to their intended use, whereas in fact they were harmful and deleterious, such ultimate purchaser is restricted to prosecuting his action on the basis of negligence alone or whether he may proceed on the theory of an express warranty.
As indicated,, the Court of Common Pleas decided that plaintiff must proceed solely on the basis of negligence, whereas *246 the Court of Appeals held that she might' rely and proceed on the theory of express warranty.
In asldng for a reversal of the judgment of the Court of Appeals, defendant places great reliance on the comparatively recent case of Wood v. General Electric Co., 159 Ohio St., 273, 112 N. E. (2d), 8, wherein the second paragraph of the syllabus is as follows:
“Although a subpurchaser of an inherently dangerous article may recover from its manufacturer for negligence, in the making and furnishing of the article, causing harm to the sub-purchaser or his property from a latent defect therein, no action may be maintained against a manufacturer for injury, based upon implied warranty of fitness of the article so furnished.”
Such rule is based on the proposition that to support an action grounded on an implied warranty there must be contractual privity between the buyer who sues and the seller against whom the suit is brought.
It must be confessed that the prevailing view is that privity of contract is essential in an action based on a breach of an express or implied warranty, and that there is no privity between the manufacturer of an article and the ultimate purchaser thereof from a retailer, where the ultimate purchaser was in no way a party to the original sale. See 1 Williston on Sales (Rev. Ed.), 645, 648, Section 244; 46 American Jurisprudence, 489, Section 307; and 77 Corpus Juris Secundum, 1125, Sales, Section 305.
However, there is a growing number of cases which, as an exception to the general rule, hold that as to foodstuffs and medicines, particularly when sold in cans, capped bottles or sealed containers, a warranty of fitness for human consumption carries over from the manufacturer or producer to the ultimate consumer, regardless of privity of contract. See 1 Williston on Sales (Rev. Ed.), 647, 648, Section 244; 22 American Jurisprudence, 892, Section 105; and 77 Corpus Juris Secundum, 1127 to 1129, Sales, Section 305. Compare Canton Provision Co. v. Gauder, a Minor, 130 Ohio St., 43, 196 N. E., 634; and Kniess v. Armour & Co., 134 Ohio St., 432, 17 N. E. (2d), 734. 119 A. L. R., 1348.
*247 It would seem but logical to extend the rule last cited to cosmetics and other preparations, which are sold in sealed packages and are designed for application to the bodies of humans or animals. Compare Sicard v. Kremer, 133 Ohio St., 291, 13 N. E. (2d), 250.
A prevalent but mistaken notion is extant that the term, “warranty,” has always carried the implication of a contractual relationship. From a historical standpoint such notion is without foundation. Some of the cases, and well known and respected writers on legal subjects, point out that originally the consumer or user of an article, which was represented to be in good condition and fit for use and proved not to be, was accorded redress by an expansion of the action of trespass on the case to include deceit — a fraudulent misrepresentation — which sounds distinctly in tort. Undoubtedly, the recognition of such a right of action rested on the public policy of protecting an innocent buyer from harm rather than to insure any contractual rights. See. History of Assumpsit by James Barr Ames, 2 Harvard Law Review, 1, 8.
And the rule of general acceptance is that “deceit” gives rise to a cause of action in tort and does not require that the acts complained of grow out of any contractual relation. Ashe v. Gray, 88 N. C., 190, 192.
Other writers have no hesitancy in asserting that in the beginning an action on “breach of warranty” was a tort action to give relief for the breach of a duty assumed by the seller, and that the introduction at a much later date of the method of declaring on a warranty “indebitatus assumpsit” (an implied promise or obligation on the part of one to pay to another what in fairness and good conscience the former should pay) constituted the recognition of an additional or alternative remedy of a contractual aspect to secure relief where a breach of warranty is involved. See 1 Williston on Sales (Rev. Ed.), 501, 506, Sections 195, 197; Prosser on Torts (2 Ed.), 673, Section 83; and 77 Corpus Juris Secundum, 1262, Sales, Section 354.
For the status of the law on “warranty” as it now exists; attention is directed to the case of Rachlin v. Libby-Owens-Ford Glass Co. (C. C. A., 2), 96 F. (2d), 597, where at page 600 the following language appears:
*248 “That the orthodox rule requires privity of contract between the parties in an action for breach of warranty is too well known to require the citation of authorities. Several courts, however, have recognized an exception to the general doctrine in the case of medicines and foodstuffs, and have held a manufacturer to warrant to the ultimate consumer that the article is fit for human consumption. See Chanin v. Chevrolet Motor Co., 7 Cir., 89 F. (2d), 889, 890, 111 A. L. R., 1235, footnote 1. The plaintiff would have us extend the exception to include other kinds of chattels when a manufacturer by an extensive advertising campaign directs his representations to the ultimate consumer and invites him to purchase the manufacturer’s product from a retail dealer. Such an extension was apparently recognized in Baxter v. Ford Motor Co., 168 Wash., 456, 12 P. (2d), 409, 15 P. (2d), 1118, 88 A. L. R., 521, and has been favorably commented upon in some of the law magazines. See 46 Harv. L. Rev., 161; 18 Cornell L. Q., 445.”
As applicable to the allegations of the petition, in the present action, an express warranty may be defined as an affirmation of fact by the seller of a product or commodity to induce the purchase thereof and on which affirmation the buyer relies in making the purchase.
Occasions may arise when it is fitting and wholesome to discard legal concepts of the past to meet new conditions and practices of our changing and progressing civilization. Today, many manufacturers of merchandise, including the defendant herein, make extensive use of newspapers, periodicals, signboards, radio and television to advertise their products. The worth, quality and benefits of these products are described in glowing terms and in considerable detail, and the appeal is almost universally directed to the ultimate consumer. Many of these manufactured articles are shipped out in sealed containers by the manufacturer, and the retailers who dispense them to the ultimate consumers are but conduits or outlets through which the manufacturer distributes his goods. The consuming public ordinarily relies exclusively on the representations of the manufacturer in his advertisements. What sensible or sound reason then exists as to why, when the goods purchased by the ultimate consumer on the strength of the advertisements aimed *249 squarely at him do not possess their described qualities and goodness and cause him harm, he .should not be permitted to move against the manufacturer to recoup his loss. In our minds no good or valid reason exists for denying him that right. Surely under modern merchandising practices the manufacturer owes a very real obligation toward those who consume or use his products. The warranties made by the manufacturer in his advertisements and by the labels on his products are inducements to the ultimate consumers, and the manufacturer ought to be held to strict accountability to any consumer who buys the product in reliance on such representations and later suffers injury because the product proves to be defective or deleterious. See Prosser on Torts (2 Ed.), 506, Section 84; 1 Williston on Sales (Rev. Ed.), 648 to 650, Section 244a.
For cases, texts and law-review articles which directly or in principle support the above propositions on the theory of express warranty, see Burr v. Sherwin Williams Co., 42 Cal. (2d), 682, 268 P. (2d), 1041, 1048.
We are fully aware that the position outlined is opposed to the present weight of authority and may conflict with previous decisions of this court. However we consider it a reasonable and logical approach today in keeping with the modern methods of doing business.
Under the allegations of the petition, the Court of Appeals held that an express warranty is stated. We think that conclusion is tenable. The case of Wood v. General Electric Go., supra, was decided solely on the basis of an implied warranty. There is a difference between an express warranty and an implied warranty. The former arises where there is a positive representation of fact which induces a prospective purchaser to buy, whereas the latter arises where, considering the relations between the parties, the nature of the transaction and the surrounding circumstances, a warranty is imposed by operation of law. Moreover, an express warranty excludes an implied warranty. Springer v. Indianapolis Brewing Co., 126 Ga., 321, 55 S. E., 53.
Without commenting on the soundness of the holding in the Wood case, in light of what has been stated above, suffice it to say that should a case come before this court with facts re *250 sembling those in the Wood case, it would then be time to reexamine and reappraise that decision.
It is to be remembered that the present case is now being decided with respect to the sufficiency of the second cause of action of the petition as against demurrer. What proof may be adduced on the trial of the action is a matter of no immediate concern.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias and Bell, JJ., concur.
Stewart, Taft and Herbert, JJ., concur in paragraphs one and two of the syllabus and in the judgment.